## SUPREME COURT.

DANIELS and DANIELS, Administrators, and DANIELS, Administratrix, agt. HINKSTON.

A justice of the peace had no power to take judgment by confession, for a sum greater than one hundred dollars, under the Code of 1848.

This was an action brought in January 1849, to recover $247·09, the amount of two promissory notes executed by the defendant Hinkston. The defendant alleged in his answer that on the 29th day of November 1848, he appeared before a justice of the peace of the county of Genesee, with the plaintiff Daniels, and duly confessed judgment on said note in pursuance of sections 113 and 114 of the 8th article of title first chapter second part third of the Revised Statutes. The plaintiff replied that the justice had no power to take such judgment by confession. Cause tried at the March circuit, 1850, in Genesee county

A. P. HASCALL, *for Plaintiffs.*

S. B. JEWETT, *for Defendant.*

Dorr Appellant agt. Birge and Wells Respondents.

MULLETT, Justice.—The 45th section of the Code of 1848, expressly repealed the 2d section of the Revised Statutes concerning the jurisdiction of justices of the peace, and the statute of 1840 amending the same. These were the only statutes empowering a justice to take judgment by confession for any greater amount than was embraced in his general jurisdiction. At the time the judgment in question was confessed the justice had no jurisdiction to enter judgment for that amount. The judgment was therefore a nullity and can form nor ba to the plaintiffs' right to recover upon the notes. It is true the Code of 1849 restores to a justice the jurisdiction which had been taken away from him by the Code of 1848; but this does not help the case; the amendment of 1849 can not have a restroactive effect. The last section of the Code of 1849 can not give it that effect. All there is of that it happened to be a part of the Code of 1848 which was not amended. The plaintiffs must therefore have judgment for the amount claimed in the complaint with costs.